UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MONIQUA WHITE, | : | Case No. 1:16-CV-1165 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| WILBERFORCE UNIVERSITY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING JOINT MOTION
## FOR PERMISSION TO FILE UNDER SEAL (Doc. 4)

### I.  INTRODUCTION

This is an employment discrimination lawsuit.  On December 21, 2016, Plaintiff
filed the Complaint alleging Defendants discriminated against Plaintiff on the basis of sex
and race and retaliated against Plaintiff for engaging in protected activity.  (Doc. 1).  The
Complaint asserts claims under the Fair Labor Standards Act ("FLSA"), as well as Ohio
Revised Code § 4112.01, *et seq.*  (*Id.*)

The parties have resolved their claims and executed a settlement agreement.  On
July 21, 2017, the parties filed a joint motion for approval of their settlement agreement.
(Doc. 5).  Also on July 21, 2017, the parties filed a joint motion for permission to file the
settlement agreement under seal. (Doc. 4).  The parties do not explain why any
information in their settlement agreement warrants filing under seal, only that the terms
of the agreement "are confidential" and "the parties desire that the terms and conditions
of [the settlement agreement] therefore not be entered into the public record."  (*Id.* at 1).

## II.    STANDARD

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.*

That is because there is a "stark" difference between, on one hand, the propriety of allowing litigants to exchange documents in secret, and on the other hand, allowing litigants to shield from public view those documents which are ultimately relied on in the Court's adjudication. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting disclosure of documents in discovery upon a mere showing of good cause. *Id.* However, "very different considerations apply" when these materials are filed in the public record. *Id.*

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

Multiple times in the past two years the Sixth Circuit has explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Klingenberg*, 658 Fed. Appx. at 207-08; *Rudd Equip. Co. v. John Deere*

*Constr. & Forestry Co.*, 834 F.3d 589, 593-96 (6th Cir. 2016).  According to the Sixth

Circuit:

> The burden of overcoming that presumption [of openness] is borne by the
> party that seeks to seal them.  *In re Cendant Corp.*, 260 F.3d 183, 194 (3d
> Cir. 2001).  The burden is a heavy one:  "Only the most compelling reasons
> can justify the non-disclosure of judicial records."  *In re Knoxville News-
> Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a
> party can show a compelling reason why certain documents or portions
> thereof should be sealed, the seal itself must be narrowly tailored to serve
> that reason.  *See, e.g.*, *Press-Enter. Co. v. Superior Court of California,
> Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629
> (1984).  The proponent of sealing therefore must "analyze in detail,
> document by document, the propriety of secrecy, providing reasons and
> legal citations."  *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305-06.

A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists

even if the parties themselves <u>agree</u> the filings should be sealed.  *See Rudd Equip.*, 834

F.3d at 595 (noting the parties "could not have waived the *public's* First Amendment and

common law right of access to court filings[]") (citation omitted); *see also In re Knoxville

News-Sentinel Co.*, 723 F.2d 470, 475 (6th Cir. 1983) (in reviewing a motion to seal, the

district court has "an obligation to consider the rights of the public").  Simply put, this

Court has an obligation to keep its records open for public inspection and that obligation

is not conditioned upon the desires of the parties to the case.  *Shane Grp.*, 825 F.3d at

307.

A district court that chooses to seal court records must set forth specific findings

and conclusions "which justify nondisclosure to the public."  *Id.* at 306 (quoting *Brown &
Williamson*, 710 F.2d at 1176).  A court's failure to set forth reasons explaining why the

3

interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal.  *Id.*

## III.    ANALYSIS

The parties' joint motion to file under seal falls woefully short of the standards established by the Sixth Circuit.  The parties merely assert that they decided to keep the terms of their settlement confidential and accordingly, "desire" that they not be part of the public record.  (Doc. 4 at 1).

The parties' preference to keep their agreement confidential is insufficient to warrant a seal.  *See Rudd Equip.*, 834 F.3d at 595.  In light of the standards set forth by the Sixth Circuit, our fellow District Courts have recognized parties may not seal a proposed FLSA settlement agreement merely because the parties considered the agreement to be confidential.  *See Combs v. Twins Grp., Inc.*, No. 3:16-cv-295, 2017 U.S. Dist. LEXIS 68238, at **2-3 (S.D. Ohio May 4, 2017) (Newman, MJ); *Lee v. Asurian Ins. Servs., Inc.*, 206 F. Supp. 3d 1307, 1309 (M. D. Tenn. 2016) (noting that an agreement settling an FLSA claim that is submitted for court approval is indisputably a judicial document subject to the presumption of public access) (citation omitted).

The parties have simply not demonstrated a compelling reason for the requested seal, nor have they submitted any information from which the Court could set forth specific findings and conclusions justifying non-disclosure to the public.

## IV.    CONCLUSION

Accordingly, the parties' motion to file under seal (Doc. 4) is **DENIED** without

prejudice to refiling.

**IT IS SO ORDERED**.

Date:    8/17/17

Timothy S. Black
United States District Judge